UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE EGGER, | CIVIL ACTION NO.: 2:24-CV-05818 |
| *Plaintiff,* | |
| v. | |
| CERTARA USA, INC., | |
| *Defendant.* | |

## MEMORANDUM OPINION

Before this Court is a motion to dismiss (the "Motion") filed by Defendant Certara USA, Inc., ("Defendant"). (Dkt. #11). In it, Defendant seeks dismissal of Counts V and VI of the Amended Complaint (Dkt. #8) of Plaintiff Diane Egger (the "Amended Complaint" of "Plaintiff") which bring sex discrimination and retaliation claims (respectively) pursuant to the New Jersey Law Against Discrimination ("NJLAD"). Because Plaintiff fails to plead she was employed in New Jersey, Counts V and VI of the Amended Complaint must be dismissed.[1]

On the face of the Amended Complaint, Plaintiff alleges that she, a citizen of Pennsylvania, was an employee of Defendant, which had its principle place of business (at the time of Plaintiff's employment) in New Jersey. (Amended Complaint at ¶¶ 5, 6, 8, 9). The

---

[1] While the Motion seeks only dismissal of Counts V and VI, the Complaint is similarly deficient with respect to Plaintiff's claims under the Pennsylvania Human Relations Act, as there is no allegation that Plaintiff was employed in Pennsylvania, either. Arguably, the same might even apply to the EEOC claims, as the claim does not even allege the work was performed in the United States. Because Defendant has not made a motion on that basis, this Court will not dismiss those claims *sua sponte*. This Court will presume this gaping hole in the factual allegations which fail to describe where anything happened is an unintentional coincidence in the drafting process. But to the extent that this pleading vagueness is gamesmanship by Plaintiff to try and evade review and dismissal, such tactics are frowned upon.

1

Amended Complaint makes no allegations as to where Plaintiff performed the work. The Amended Complaint makes no allegation that Plaintiff's supervisors were located in New Jersey. The Amended Complaint makes no allegation of any specific employment decision that was made in New Jersey. The Complaint makes no allegation that Plaintiff sought employment in New Jersey. This is fatal to Plaintiff's NJLAD claims.

Federal Rule of Civil Procedure 12(b)(6) permits this Court to dismiss counts of a complaint if they fail to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (internal quotation marks and citation omitted). The Court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A formulaic recitation of the elements of a claim will not suffice. *Id.* Rather, a pleader is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotation marks and citation omitted). Conclusory statements and unfounded speculation are insufficient to state a claim. *Parker v. Pennstar Bank, NBT*, 436 F. App'x 124, 127 (3d Cir. 2011).

Courts in this Circuit "have consistently applied the law of the state of employment to claims of workplace discrimination, and therefore only apply the NJLAD if the claimant was employed in New Jersey." *Devine v. Apollo Health St., Inc.*, No. CIV.A. 09-3039, 2010 WL 1730852, at *2 (E.D. Pa. Apr. 26, 2010); *see also Diana v. AEX Grp.*, No. CIV.A. 11-1838 PGS, 2011 WL 4005333, at *2 (D.N.J. Sept. 7, 2011*); Satz v. Taipinia*, No. 01–5921, 2003 WL

22207205, *16 (D.N.J. Apr. 15, 2003). The Amended Complaint provides no factual allegation which suggests that Plaintiff actually worked in New Jersey. Plaintiff's assertion Paragraph #6 that "all decisions regarding Plaintiff's employment originated and occurred in the State of New Jersey[]" is, at best, "unfounded speculation" (*Parker*, 436 F. App'x at 127), or, at worst, empty legalese.

The cases cited by Plaintiff to the contrary are easily distinguishable. In *Calabotta v. Phibro Animal Health Corp.*, the alleged wrongful act regarded an application for a promotion to a position **in New Jersey.** 213 A.3d 210 (N.J. Super. Ct. App. Div. 2019). Here, although the Complaint does not actually allege where *anything* happened, this Court understands from the Parties' briefing that the alleged wrongful acts centered around mistreatment in a Pennsylvania office and being frozen out of work to be done out of that same workplace. There is no alleged connection to New Jersey.

At least one federal court interpreting *Calabotta* has noted the tension of applying it in federal court which, post-*Twombly* and post-*Iqbal*, have a heightened pleading standard which is not applicable in New Jersey state court. *Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 232 (D.N.J. 2021) ("[W]hat remains unclear, however, is how federal courts should apply *Calabotta* within the federal pleading regime."). In that case, the Court held that, even after *Calabotta*, the complaint must be dismissed for failure to allege that New Jersey had the most significant relationship to the claim. *Id.* at 236. The case at bar does not present a close call. There is no reference to any New Jersey activities beyond the conclusory paragraph presented above, and certainly no facts from which this Court could conclude that New Jersey had the most significant relationship to the claim.

The decision in *Schulman v. Zoetis, Inc.* is similarly distinguishable. 684 F.Supp.3d 275 (D.N.J. 2023). That case involved a remote worker, who from their home in New Hampshire, remotely worked for the New Jersey office of a New Jersey company. *Id.* at 277, n.1. In *Schulman,* Plaintiff alleged that their supervisors worked in New Jersey and that all key employment decisions were made there. *Id.* On that basis, the Court predicted that New Jersey courts would extend the protections of the NJLAD to the plaintiff. *Id.* at 278.

Here, this Court makes the opposite prediction. This Court predicts that that where a complaint alleges no specific factual connection to New Jersey, New Jersey courts would find the NJLAD does not apply. For that reason, Counts V and VI of the Amended Complaint must be dismissed.

Dismissal today is without prejudice. If fact discovery shows that there was a substantial connection to New Jersey such that New Jersey law might be applicable to her, Plaintiff may move for leave to file a second amended complaint to explain what has changed, and Defendant can oppose that motion.[2] But on the face of the Amended Complaint, the only connections to New Jersey this Court can find are totally speculative, and therefore insufficient to survive a 12(b)(6) motion. An appropriate order will be docketed separately.

Dated: March 3, 2025                BY THE COURT:

                                                          GAIL A. WEILHEIMER        J.

---

[2] Because the NJLAD claims are now dismissed, this Court need not now decide the issue of whether NJLAD and Pennsylvania Human Relations Act claims can be maintained at the same time.